UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT A. FRAZIER,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:25-CV-228-JEM |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 13]. Now before the Court is Plaintiff's Brief [Doc. 15]. Robert A. Frazier ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge, the final decision of the Commissioner of Social Security ("Commissioner"). For the reasons set forth below, the Court **DENIES** Plaintiff's request to remand [**Doc. 15**] and **AFFIRMS** the Commissioner.

## I. PROCEDURAL HISTORY

On December 20, 2021, Plaintiff filed for Social Security Insurance disability benefits under Title II of the Social Security Act [Tr. 230–38]. Plaintiff claimed a period of disability that began on October 21, 2020 [*Id.*]. After his claim was denied initially [*id.* at 163–67] and upon reconsideration [*id.* at 169–72], Plaintiff requested a hearing before an ALJ [*id.* at 173]. A hearing was held on March 21, 2024, before ALJ Wesley Kliner (hereinafter "ALJ Kliner" or "the ALJ") [*Id.* at 59–102]. On May 29, 2024, the ALJ found Plaintiff not disabled [*Id.* at 7–22]. Plaintiff asked the Appeals Council to review the ALJ's decision [*Id.* at 227–29]. The Appeals Council

denied Plaintiff's request for review [*id.* at 1–6], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff filed a Complaint with this Court on July 16, 2025, seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) [Doc. 1]. The parties have filed opposing briefs [Docs. 15, 19], and this matter is now ripe for adjudication.

## II. DISABILITY ELIGIBILITY AND ALJ FINDINGS

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will only be considered disabled:

> [I]f his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his

impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e), 416.920(a)(4), 416.920(e). RFC is the most a claimant can do despite his limitations. *Id.* §§ 404.1545(a)(1), 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

Here, the ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since December 20, 2021, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: Hepatitis C; diabetes mellitus; hyperlipidemia; hypertension; obesity; bipolar disorder with psychotic features; and polysubstance use disorder (drugs and alcohol) in partial remission (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity

of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he can never climb ladders, ropes or scaffolds, and can perform all other postural activities frequently. He can never work around hazardous conditions, such as unprotected heights and moving machinery. He is limited to simple, routine tasks not at a production rate pace. He is able to adapt to infrequent changes in his routine and his work setting.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on February 18, 1974 and was 47 years old, which is defined as a younger individual age 18-49, on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since December 20, 2021, the date the application was filed (20 CFR 416.920(g)).

[Tr. 7–22].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). In reviewing the Commissioner's decision, the Court must consider the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Hum. Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Additionally, the Supreme Court has explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Rather, substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether an ALJ's

findings are supported by substantial evidence, the Court does not try the case *de novo*, weigh the evidence, or make credibility determinations nor resolve conflicts in the evidence, nor decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In addition to considering whether the ALJ's decision is supported by substantial evidence, the Court must review whether the ALJ employed the correct legal criteria. It is grounds for reversal of a decision—even if supported by substantial evidence—where "the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

## IV. ANALYSIS

Plaintiff claims two assignments of error. First, that "[t]he ALJ's RFC determination is legally flawed and unsupported by substantial evidence where the ALJ failed to discuss whether Plaintiff's plantar calcaneal spur of the left foot and venous stasis of the bilateral legs are medically determinable impairments" [Doc. 15 p. 1]. Second, that "[t]he ALJ failed to identify how Plaintiff's testimony is inconsistent with the record and failed to comply with SSR 96-8p, SSR 16-3p, and 20 C.F.R. § 416.929" [*Id.* at 16].

Defendant responds that substantial evidence supports the ALJ's assessment of Plaintiff's "RFC to perform a range of light work with additional postural, environmental, and mental

restrictions," and that the ALJ "reduced Plaintiff's RFC specifically because of the objective evidence of his left foot spur and bilateral leg swelling" [Doc. 19 pp. 3, 5]. Moreover, Defendant contends that "[i]n formulating the RFC, the ALJ evaluated Plaintiff's subjective symptoms in accordance with SSR 16-3p . . . , but concluded that Plaintiff's statements about his symptoms were not entirely consistent with the medical and other evidence in the record" [*Id.* at 7–8 (internal citation omitted)].

**A. Medically Determinable Impairment**

Step two of the sequential analysis requires the ALJ to consider whether a claimant's impairment is a medically determinable impairment. *See* 20 C.F.R. § 404.1520. A medically determinable impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities, which can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Jones v. Comm'r of Soc. Sec.*, No. 3:15-CV-00428, 2017 WL 540923, at *6 (S.D. Ohio Feb. 10, 2017) (citing 20 C.F..R §§ 404.1505, 404.1508, 404.1520(a)(4)(ii), and 404.1527(a)(1)), *report and recommendation adopted sub nom.*, *Jones v. Berryhill*, No. 3:15-CV-428, 2017 WL 1196179 (S.D. Ohio Mar. 31, 2017). "Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use your statements of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)." 20 C.F.R. § 404.1521. There is no error in failing to consider non-medically determinable impairments throughout the sequential analysis. *See Jones*, 2017 WL 540923, at *6 ("If an alleged impairment is not medically determinable, an ALJ need not consider that impairment in assessing the RFC." (citing *Rouse v. Comm'r of Soc. Sec.*, 2017 WL 163384, at *4 (S.D. Ohio Jan. 17, 2017))).

Also at step two, the ALJ must consider whether a claimant's medically determinable impairment is a severe impairment and whether the impairment(s) meet the twelve-month durational requirement in 20 C.F.R. § 404.1509. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). It is the applicant's burden to establish "the existence within the administrative record of objective medical evidence suggesting that the applicant was 'disabled' as defined by the Act." *Soto v. Comm'r of Soc. Sec.*, No. 17-10054, 2018 WL 2181098, at *7 (E.D. Mich. Mar. 2, 2018), *report and recommendation adopted*, No. 17-CV-10054, 2018 WL 1466087 (E.D. Mich. Mar. 26, 2018). To be classified as severe, an impairment or combination of impairments must significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). "The finding of at least one severe impairment at step two is merely a threshold inquiry, the satisfaction of which prompts a full investigation into the limitations and restrictions imposed by all the individual's impairments." *Johnny M. v. Comm'r of Soc. Sec.*, No. 2:22-CV-1670, 2022 WL 17351424, at *5 (S.D. Ohio Dec. 1, 2022), *report and recommendation adopted*, No. 2:22-CV-1670, 2023 WL 386758 (S.D. Ohio Jan. 25, 2023).

Here, the ALJ found hepatitis C, diabetes mellitus, hyperlipidemia, hypertension, obesity, bipolar disorder with psychotic features, and polysubstance use disorder in partial remission to be severe impairments [Tr. 13]. The ALJ did not, however, find that Plaintiff's calcaneal spur and venous stasis were medically determinable impairments and did not include them in her discussion at step two.

But "[a]n ALJ's failure to find an impairment to be 'severe' at step two is not reversible error if the ALJ found another impairment to be 'severe' and therefore continued with the next step in the five-step evaluation." *Bly v. Dudek*, No. 3:24-CV-00957, 2025 WL 1316497, at *4 (M.D. Tenn. May 6, 2025) (citing *Fisk v. Astrue*, 253 F. App'x 580, 584 (6th Cir. 2007)). "[I]f the

ALJ continues with the remaining steps, any error at step two is harmless, so long as the ALJ considered the effects of all medically determinable impairments, including those deemed non-severe." *Id.* (citing *Hatton v. Comm'r of Soc. Sec.*, No. 16-14463, 2018 WL 1278916, at *6 (E.D. Mich. Feb. 14, 2018)). "[T]he Sixth Circuit directs courts to look for three things when determining whether an ALJ properly considered all of a plaintiff's impairments when crafting the RFC: (1) an 'express reference' to [SSR 96-8p] (2) a 'discussion of the functional limitations imposed by [the plaintiff's] nonsevere impairments at step two of [the] analysis'; and (3) a 'subsequent assurance that [the ALJ] had considered the entire record and all symptoms.'" *Id.* at *7 (quoting *John S. v. Comm'r of Soc. Sec.*, No. 2:22-cv-4207, 2023 WL 6141664, at *4 (S.D. Ohio Sept. 20, 2023)). The ultimate question, however, is "whether substantial evidence supports the RFC fashioned by the ALJ." *Johnny M.*, 2022 WL 17351424, at *6 (citing *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010)).

Plaintiff argues that "the ALJ errs by neglecting to discuss Plaintiff's calcaneal spur and venous statis at step two of the sequential evaluation and mention whether they are medically determinable impairments" [Doc. 15 p. 12]. "Moreover," Plaintiff argues, "the ALJ does not expressly cite to SSR 98-6p and does not make clear that his decision is controlled by SSR 96-8p" and accordingly "fails to show that the RFC assessment is properly based on both the severe and non-severe impairments in the record" [*Id.*].

The Court finds Plaintiff's contention regarding SSR 96-8p unpersuasive. Contrary to Plaintiff's assertion, the ALJ makes an express reference to SSR 96-8p, as he states that in making the RFC, "I must consider all of the claimant's impairments, including impairments that are not severe (20 CFR 416.920(e) and 416.945; SSR 96-8P)" [Tr. 12]. Accordingly, Plaintiff's argument that "the ALJ fails to show that the RFC assessment is properly based on both the severe and non-

severe impairments in the record" because he "does not expressly cite to SSR 96-8p and does not make clear that his decision is controlled by SSR 96-8p" is without merit [Doc. 15 p. 12]. *See Sharp v. Comm'r of Soc. Sec.*, No. 14-13703, 2016 WL 8115396, at *7 (E.D. Mich. Mar. 9, 2016) (finding that, despite the failure to cite to SSR 96-8, the RFC was supported by substantial evidence where "the ALJ considered all the evidence and made logical findings regarding the manner in which Plaintiff's symptoms affect his ability to work").

Nor does the ALJ's failure to expressly designate Plaintiff's calcaneal spur or venous stasis as medically determinable or severe impairments warrant remand. "[T]he ALJ deemed other impairments severe, proceeded through the sequential disability analysis, and nevertheless considered symptoms associated with these conditions in fashioning the RFC." *Hatton*, 2018 WL 1278916, at *6. Again, there is no error where "[r]egardless of whether the ALJ explicitly designated [the condition] as a medically determinable or severe impairment, the ALJ considered these impairments when assessing the medical evidence and deciding how her impairments impacted her ability to work." *Smith v. Comm'r of Soc. Sec.*, No. 2:20-cv-1511, 2021 WL 972444, at *10 (S.D. Ohio Mar. 16, 2021), *report and recommendation adopted*, No. 2:20-CV-1511, 2021 WL 1516173 (S.D. Ohio Apr. 16, 2021); *see also Huffstetler v. Saul*, No. 3:18-CV-210, 2019 WL 4752270, at *4–5 (E.D Tenn. Sept. 30, 2019) (finding no error despite ALJ's failure to designate plaintiff's carpal tunnel as a medically determinable or severe impairment where the ALJ discussed plaintiff's carpal tunnel and considered its impact on plaintiff's ability to work).

As Defendant highlights, the ALJ found the DDS medical consultants' opinion that Plaintiff's impairments are non-severe to be "unpersuasive," and explicitly considered Plaintiff's testimony concerning "leg edema and leg discoloration" [Tr. 19]. Namely, the ALJ found Plaintiff's allegations "supported by the treatment record, which reveals, the [Plaintiff] presented

with discolored brown patches on the legs and feet and examinations revealing left lateral foot pain and venous stasis and 2+ dorsalis pedis pulse and non-pitting edema in the bilateral legs" [*Id.* (internal citations omitted)]. Accordingly, the ALJ limited Plaintiff "to light work except never can climb ladders, ropes or scaffolds, and can perform all other postural activities frequently and can never work around hazardous conditions, such as unprotected heights and moving machinery" [*Id.*]. The ALJ again considered Plaintiff's venous stasis and left foot pain in finding Dr. Wagner's opinion that Plaintiff was "functionally intact without any physical restrictions" [*id.* at 20 (quoting Exh. B5F)] to be "minimally persuasive" [*id.*].[1] Hence, the ALJ followed the mandate of considering both severe and non-severe impairments, as evidenced by the above, and considered the effects of the conditions Plaintiff identifies in functioning the RFC.

Plaintiff nevertheless contends that "it is reasonably likely that Plaintiff's calcaneal spur of the left foot would result in further RFC limitations relating to Plaintiff's ability to stand and walk during a regular day," as well as that "the ALJ fails to explain how he arrived at the light RFC given Plaintiff's impairments of a calcaneal spur and venous stasis" [Doc. 15 pp. 12, 15]. Yet, the ALJ arrived at the RFC of light work, in part, because of Plaintiff's calcaneal spur and venous stasis. Moreover, the question is not whether the record could support a more restrictive RFC, but whether the RFC adopted by the ALJ is supported by substantial evidence. And here, as noted by

---

[1] Plaintiff argues that "the ALJ's reasoning is contradictory," because the ALJ initially states that Dr. Wagner's findings "supports a finding that [Plaintiff's] physical and mental impairments are severe and result in a limitation to a reduced range of light work," but then later finds his opinion to be "inconsistent with the record as a whole and . . . unpersuasive" [Doc. 15 (quoting Tr. 18–19)]. The Court finds that the ALJ's statement is not contradictory. As Defendant notes, "[t]he ALJ found that the normal consultative examination findings supported his conclusion that further restrictions were not required beyond those included in the RFC, but ultimately found the doctor's opinion that Plaintiff had no restrictions—while supported by the normal consultative examination—was inconsistent with the other examination findings and Plaintiff's administrative hearing testimony" [Doc. 19 p. 7].

Defendant, "[i]t was because of Plaintiff's testimony and these physical findings of left foot pain and leg swelling that the ALJ included greater limitations in the RFC than opined by the consultative examiner or the State agency physicians" [Doc. 18 pp. 5–6]. To the extent that there was other evidence that Plaintiff contends the ALJ should have considered, "the ALJ need not discuss every piece of evidence." *Reinhart on behalf of M.K.R. v. Comm'r of Soc. Sec.*, No. 1:25-CV-01073, 2026 WL 999941, at *10 (N.D. Ohio Apr. 14, 2026) (citation omitted), *report and recommendation adopted sub nom. Reinhart on behalf of M.K.R. v. Comm'r of Soc. Sec. Admin.*, No. 1:25-CV-01073, 2026 WL 1591223 (N.D. Ohio June 3, 2026). The Court finds no error.

**B. Subjective Complaints**

Plaintiff argues that "[t]he ALJ failed to identify how Plaintiff's testimony is inconsistent with the record and failed to comply with SSR 96-8p, SSR 16-3p, and 20 C.F.R. § 416.929" [Doc. 15 p. 16]. Specifically, Plaintiff raises that because "the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, however, Plaintiff's symptoms concerning the intensity, persistence, and limiting effects of his symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . the ALJ's statement is flawed because the ALJ never identified whether Plaintiff's calcaneal spur and venous stasis were determined to be medically determinable impairments" [Doc. 15 p. 17]. Plaintiff notes that in discounting the opinion of the medical consultants and Dr. Wagner, the ALJ found Plaintiff's allegations of "limitations with sitting, standing, and walking" to be "supported by the treatment record" [*Id.* at 17–18 (quoting Tr. 19)]. Resultantly, Plaintiff argues that "[t]his finding appears to conclude that Plaintiff's allegations are supported by the overall record, and are not

inconsistent with it. As such, the ALJ has not provided an adequate explanation of why Plaintiff's testimony was discounted" [*Id.* at 18].

Defendant responds that "[i]n making the determination that there were inconsistencies between the intensity, persistence, and limiting effects of Plaintiff's alleged symptoms and the evidence in the record, the ALJ considered a number of factors set forth in 20 C.F.R. § 416.929(c)(3)" [Doc. 19 p. 8]. Defendant maintains that the ALJ did explain why Plaintiff's testimony was discounted, as "[t]here were two prior administrative medical findings and a medical opinion in the record that found no restrictions whatsoever" [*Id.* at 9 (citing Tr. 145–46, 154–55, 1498)]. While Defendant notes that "it would have been within the permissible zone of choice for the ALJ to rely on those opinions and findings as support for not including any restrictions in the RFC," the ALJ instead "gave Plaintiff the benefit of the doubt in assessing restrictions, and his RFC was within the permissible zone of choice" [*Id.* at 10]. Further, Defendant highlights that "[a]lthough Plaintiff believes that additional restrictions may have been warranted, the ALJ cited to other evidence to indicate why further restrictions were not included" [*Id.*].

An ALJ's assessment of subjective symptoms is generally given great deference. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). An assessment of subjective symptoms cannot be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Under the ALJ's assessment of subjective symptoms, the ALJ must consider "the extent to which the symptoms can be reasonably accepted as consistent with the objective medical and other evidence in the individual's record." SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017). The ALJ must evaluate the "intensity, persistence, and limiting effects of an individual's symptoms." *Id.* at *7–8 (listing seven factors to consider); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c). It is proper for an ALJ to discount the claimant's testimony where there are

inconsistencies and contradictions among the medical records, their testimony, and other evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004). The ALJ's decision must "contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2017 WL 5180304, at *10. Factors relevant to a claimant's symptoms include daily activities, types and effectiveness of medications, treatment received to address symptoms, and other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 82 Fed. Reg. at 49465–49466; 20 C.F.R. § 404.1529(c)(3).

Here, the ALJ properly considered Plaintiff's subjective complaints. The ALJ noted Plaintiff's testimony that that he had worsening fluctuation in his leg edema that has been affecting him for four to five years, but that he thought it was due to diabetes [Tr. 16]. The ALJ noted Plaintiff's testimony that he has to elevate his legs, his legs and feet are discolored, and that he cannot afford compression socks [*Id.*]. The ALJ further reflected Plaintiff's testimony that he can stand for 15 to 20 minutes; sit for 30 to 40 minutes; walk for 30 minutes; and lift and carry for 20 minutes [*Id.*].

Yet, the ALJ found that "the claimant's statements concerning the intensity, persistence, and limiting effects of those symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" [*Id.*]. The ALJ acknowledged that "[t]he claimant testified to ongoing, debilitating limitations," but nevertheless found that "the totality of the medical evidence does not support the claimant's symptoms to the extent alleged" [*Id.*].

In support of his finding that Plaintiff's subjective complaints "are not entirely consistent with the medical evidence and other evidence in the record," the ALJ considered objective test results and treatment notes. Relevant to the limitations Plaintiff contends he has for sitting, walking, and standing, the ALJ considered physical exam findings that noted left foot pain, discoloration, and swelling, but also normal gait and station [Tr. 17–18 (citing Exh. B4F, B8F, B7F)]. The ALJ acknowledged Plaintiff's reports of pain related to his left foot and swelling in his legs, but also noted that at different points, Plaintiff was able to work outside [*Id.* (citing Exh. B4F, B7F, B9F)].

The ALJ also considered the findings of the DDS medical consultants who, as noted above, found Plaintiff's "impairments are non-severe," but found that "the evidence as a whole, inclusive of the claimant's hearing testimony as to his ongoing physical and mental limitations, the complete treatment record, and the findings of an examining source supports a finding that the claimant's physical and mental impairments are severe and result in a limitation to a reduced range of light work" [*Id.* at 18 (internal citations omitted)]. The ALJ further noted the examination of Dr. Wagner, in which Plaintiff reported the swelling of his legs for the past five years, but also stated that "[t]hese conditions do not significantly bother him" [*Id.* at 19]. Plaintiff exhibited a full range of motion of all peripheral joints, no pedal edema, and had a normal gait and was stable at station [*Id.*]. While Dr. Wagner found that Plaintiff was "functionally intact without any physical restrictions" [Exh. B5F], the ALJ found additional limitations were supported in part by Plaintiff's testimony of "leg edema . . . [as well] as limitations with sitting, standing, and walking" [Tr. 20].

Although Plaintiff argues that the ALJ's reliance on his testimony in discounting the opinions of the medical consultants and Dr. Wagner "appears to conclude that Plaintiff's allegations are supported by the overall record, and are not inconsistent with it," the Court is not

persuaded [Doc. 18 p. 5]. Rather, as Defendant notes, "the ALJ cited to Plaintiff's subjective complaints as supporting restrictions *notwithstanding* the medical opinions and prior administrative medical findings that stated otherwise" [Doc. 19 p. 10 (emphasis in original)]. "It remains the province of the ALJ, and not the reviewing court, to assess the consistency of subjective complaints about the impact of a claimant's symptoms with the record as a whole." *Yolanda L. v. Comm'r of Soc. Sec.*, No. 1:24-CV-531, 2025 WL 2780824, at *6 (S.D. Ohio Sept. 30, 2025) (citing *Rogers v. Comm'r*, 486 F.3d 234, 247 (6th Cir. 2007)). And "the Sixth Circuit has held that an ALJ's credibility determination is 'essentially unchallengeable' and must be affirmed so long as the findings are 'reasonable and supported by substantial evidence.'" *Dial v. Kijakazi*, No. 1:23-CV-00071, 2024 WL 2060259, at *9 (M.D. Tenn. May 6, 2024) (quoting *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 476 (6th Cir. 2016)), *report and recommendation adopted sub nom. Dial v. Soc. Sec. Admin.*, No. 1:23-CV-00071, 2024 WL 2959298 (M.D. Tenn. June 12, 2024). The Court finds that it was proper for the ALJ to discount Plaintiff's testimony given the inconsistencies and contradictions among the medical records, his testimony, and other evidence, but to still consider Plaintiff's testimony in creating an RFC with additional limitations than those found by Dr. Wagner and the DDS medical consultants. The ALJ's discussion "provide[s] an accurate and logical bridge between the evidence and the conclusion that the claimant is not disabled." *Page v. Comm'r of Soc. Sec.*, No. 2:21-cv-166, 2022 WL 4455975, at *7 (E.D. Tenn. Sept. 23, 2022) (citing *Gilliam v. Astrue*, No. 2:10-cv-17, 2010 WL 2837260, at *3 (E.D. Tenn. July 19, 2010)). Plaintiff has not met his burden in showing a "compelling reason" to overturn the ALJ's assessment of his subjective complaints. *Smith*, 307 F.3d at 379; *see also Calvin v. Comm'r of Soc. Sec.*, 437 F. App'x 370, 371 (6th Cir. 2011) (courts must accord "great weight and deference" to an ALJ's determination regarding the

consistency of a claimant's allegations); *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488 (6th Cir. 2005) (claimants seeking to overturn the ALJ's decision still "face an uphill battle").

## V. CONCLUSION

For the reasons set forth above, the Court will **DENY** Plaintiff's request to remand [**Doc. 15**] and **AFFIRMS** the decision of the Commissioner. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

ENTER:

Jill E. McCook
United States Magistrate Judge